[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
(1) The written lease between the parties neither provides for a specific date rent is to be paid nor an address where the rent is to be paid.
(2) The usual course of conduct was for plaintiff to come to defendant's market to collect the rent. CT Page 4707
(3) On February 8, 2000, plaintiff, through his attorney, prepared and served a Notice to Quit upon defendant due to "non payment of rent when due for commercial premises.
(4) Based upon the testimony and exhibits, it is found that prior to termination of this lease, tenant tendered the rent and plaintiff was then precluded from thereafter completing a forfeiture. See Mayron's Bake Shops, Inc., v. Arrow Stores, Inc.,149 Conn. 149 (1961).
(5) Accordingly, judgment enters for defendant.
Schimelman, J.